Sarah PRESSLOR, Independent Executrix of the Estate of Richard Presslor, Deceased, Appellant,

v.

KANDY, INC., Appellee.

No. 6234.

Court of Civil Appeals of Texas, Waco.

Feb. 12, 1981.

Rehearing Denied March 5, 1981.

Robert Harms, Bliss, Cleveland Guy Clinton, Bliss & Hughes, Dallas, for appellant.

John D. Raffaelli, Raffaelli & Hawkins, Texarkana, for appellee.

HALL, Justice.

Appellee Kandy, Inc. was awarded a contract for the construction in 1969 of a sewage disposal plant known as Ten Mile Creek Project in Ellis County, Texas. Kandy contracted orally with Dick Presslor d/b/a Low Cost Form & Supply Co. for concrete forming equipment needed on the project. Their agreement was that Presslor would furnish and rent to Kandy all concrete forming equipment and the equipment accessories required by Kandy on the project, and that Presslor would furnish and sell to Kandy the expendable forming equipment ties which would be needed. This lawsuit stems from that agreement.

This suit was initiated by Presslor against Kandy. He alleged that during the construction of the sewage disposal plant, at Kandy's instance and request, he rented and sold and delivered to Kandy concrete forming equipment and accessories and ties; that Kandy thereby became bound to pay to him upon demand "so much money as said goods and merchandise were reasonably worth"; that the reasonable rental value of the forms used and returned by Kandy was $9,000.00; that the reasonable value of

forming equipment which was not returned by Kandy was $3,943.00; and that the reasonable value of the ties provided and sold to Kandy was $4,000.00. Presslor also pleaded for attorney's fees in the amount of $5,000.00. He prayed for recovery of the sum of $16,943.00, and for the attorney's fees.

Kandy answered with a general denial. It also filed a counterclaim alleging these facts: That in July, 1969, Kandy and Presslor entered into an oral agreement that Presslor would furnish to Kandy on a rental basis all concrete forming equipment and its accessories required for the sewage disposal project for the sum of $15,000.00, and that Presslor would furnish and sell to Kandy all concrete form ties required on the project for the sum of $4,000.00; that during the course of the project some of the forms furnished by Presslor were determined by the owner of the sewage disposal plant to be of poor quality and condition, and the owner rejected these forms and prohibited their use by Kandy; that when this matter was brought to Presslor's attention by Kandy, Presslor explained that he did not have forms in sufficient quantity to comply with the project, and he requested Kandy to rent the additional forms needed from Symons Manufacturing Company and to "back-charge" the cost of this additional rental from Symons "against the amount agreed to be paid" by Kandy to Presslor under their original contract; that thereafter, in accordance with Presslor's request, Kandy rented the necessary forms for completion of the project from Symons; that the total cost of the reasonable rental of the additional forms paid by Kandy to Symons was $27,735.46, "which sum is $8,735.46 more than the total amount agreed to be paid by the cross-plaintiff to the said Richard Presslor under their original agreement"; and, therefore, that no sum was due to Presslor under the original contract, but Kandy was entitled to recover $8,735.46 from Presslor. Kandy prayed for recovery of that amount.

Presslor died before trial, and his widow, Sarah Presslor, Independent Executrix of his estate, was substituted as plaintiff.

The case was tried to a jury in February, 1980. Answering special issues numbered as follows, the jury made these findings:

1. Presslor and Kandy entered into an agreement that Presslor would rent to Kandy the concrete forms and accessories to be used on the sewage disposal plant project, for which Kandy agreed to pay the sum of $15,000.00.

2. Presslor and Kandy agreed that Presslor would sell Kandy the form ties to be used on the project, for which Kandy agreed to pay the sum of $4,000.00.

3. The reasonable rental value of the forms and accessories furnished by Presslor was $15,000.00.

4. The reasonable cash market value of the form ties furnished by Presslor was $4,000.00.

5. Kandy failed to return some of the rented forms and accessories to Presslor.

6. The reasonable cash market value of the forms and accessories not returned by Kandy was "zero."

7. The reasonable attorney's fees incurred by Mrs. Presslor in the trial of this case was $5,000.00.

8. Presslor contracted with Kandy to furnish all forms and accessories required for the project for $15,000.00.

9. "Some of the forms" furnished by Presslor were not approved by the [owner's] Engineers as not complying with the specifications of the contract.

10. Presslor attempted to rent the additional forms to meet the specification requirements from Symons Manufacturing Co. to furnish to Kandy for the project.

11. Symons refused to rent the forms to Presslor because his credit reputation would not justify it.

12. Symons agreed to supply the additional needed forms if Kandy would pay Symons directly each month for the forms supplied.

13. The fair rental value of the forms furnished by Symons to Kandy for the project was $18,700.00.

Plaintiff (Mrs. Presslor) filed a post-verdict motion for judgment. In it she asserted that under the verdict she was entitled to judgment for the amounts set forth in her pleadings for forming equipment rentals ($9,000.00), for sale of ties ($4,000.00), and for attorney's fees ($5,000.00), but that Kandy was not entitled to any recovery or offset under the verdict because Kandy had not requested special issues nor secured findings upon the questions of (a) breach of the original contract by Presslor, and (b) the existence or not of the second back-charge agreement which was disputed in the evidence. Plaintiff attached a form judgment to the motion which would have decreed that plaintiff recover $13,000.00 damages and $5,000.00 attorney's fees, and that Kandy take nothing.

Kandy also filed a motion for judgment in which it requested simply that the court "enter judgment in favor of the defendant on the findings of the jury on the special issues submitted to it."

The trial court rendered judgment that plaintiff "take nothing by her action" and that Kandy recover $5,700.00 from plaintiff. The costs of the trial were assessed against plaintiff. The judgment recited that the court had considered the verdict and the parties' motions for judgment.

Plaintiff brought this appeal on two points of error. Under her first point, she asserts the court erred in overruling her motion for judgment. We overrule this contention.

Rule 279, Vernon's Tex.Rules Civ.Proc., provides in part that where a ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted without objection by the opposing party, and there is evidence to support a finding thereon, "such omitted issue or issues shall be deemed as found by the court

in such manner as to support the judgment."

In our case, special issues 8 and 13 submitted to the jury, and resulted in findings upon material elements of Kandy's counterclaim. Therefore the issues relating to Presslor's breach of the original contract and the making of the second "back-charge" agreement must be deemed as found by the trial court in Kandy's favor, supporting the judgment, if they are supported by evidence and if plaintiff did not object to the court's failure to submit them to the jury.

Without undertaking a detailed recitation, we hold the court's findings in Kandy's favor on the omitted issues were supported by probative evidence, although that evidence was disputed. We also hold that plaintiff's objections to the charge were not sufficient to preserve her claim of error on the court's failure to submit the omitted issues because the objections did not specifically point out that defect. Plaintiff's only objections which touched the issues in question were these:

"Plaintiff objects to Special Issues No. 9, 10, 11, 12 and 13 in that there is no pleading to support the submission of these issues. The theory of the defense and counterclaim is that the original contract was breached and there was a second oral agreement between Presslor and Kandy to rent forms and back charge them and that this is in fact what occurred. There are no issues on this theory and it appears that the Defendant has changed its theory of its case."

Rule 274, Vernon's Tex.Rules Civ. Proc., provides: "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." The statement by plaintiff in her objections that "there are no issues" regarding the breach of the original agreement or the making of the back-charge agreement was couched in general terms as part of an argument made in support of "no pleading" objections to submitted issues, and not as a distinct objection to the court's

failure to submit the omitted issues. Clearly, plaintiff's asserted objection to the court's failure to submit the issues did not meet the specificity required by Rule 274. See *Texas Employers' Insurance Association v. Jones*, (Tex.1965) 393 S.W.2d 305. Therefore, the omitted issues are deemed found by the court in support of the judgment in Kandy's favor.

During the course of the parties' dealings, Mr. Presslor credited Kandy with $6,000.00 on the rental account. Frank King, who is Kandy's sole stockholder and its president, testified that he believed this credit was based upon a payment on the account by check, but he was unable to produce the check. This credit explains Presslor's suit for $9,000.00 rather than for $15,000.00 on the account.

The court's computation of the $5,700.00 recovery allowed Kandy is not set forth in the judgment. Neither is it explained by the parties in their briefs. However, in her motion for judgment, plaintiff asserted that she "is entitled to judgment in the amount of $13,000.00 damages, ($19,000.00 less the $6,000.00 credit) plus interest, as well as $5,000.00 attorney's fees." Apparently, the trial court either allowed Kandy the benefit of the $6,000.00 credit or limited plaintiff to her pleading for $13,000.00 damages for rentals and sales as set forth in her petition, supra. In any event, no complaint is made on appeal about the court's computations. And there is no complaint that the court, without motion, erroneously disregarded any jury findings.

■ In her second point of error, plaintiff asserts that Kandy by judicial admissions made during the trial waived its right to the affirmative recovery of $5,700.00 decreed by the trial court. This contention was preserved for review by motion for new trial. It is based upon the following undisputed facts, all established by Frank King's testimony. During jury selection Kandy's attorney stated to the jury panel that "even though Mr. King sued Mrs. Presslor [for] more than the $19,000.00 [he] had promised to pay, that [he] did not expect her to pay one dime if they returned a verdict in [his] favor," and that "all he wants is just a verdict that [he] doesn't pay or owe Presslor any money." King testified unequivocally that this statement by his attorney to the jurors was "correct"; that he "was not seeking money from Mrs. Presslor"; that "to the extent that we are soliciting damages in this case, [we] no longer are filing a counterclaim against Mrs. Presslor"; and that "I advised [my attorney] that I didn't care for pursuing damages against Mrs. Presslor and he needs to make whatever amendments [to the counterclaim] are necessary if they need to be made."

■ These admissions by Kandy's president and owner that Kandy sought by its counterclaim only to offset the amount due under plaintiff's account and not any recovery against plaintiff above that amount precluded the additional $5,700.00 awarded Kandy in the judgment, even though the evidence and findings supported the award. *Texas & P. Ry. Co. v. Wood*, 145 Tex. 534, 199 S.W.2d 652, 654 (1947). Accordingly, we sustain plaintiff's second point of error.

The judgment is modified by deleting therefrom the award of $5,700.00 to Kandy. As so modified, the judgment, including its assessment of the costs of the trial against plaintiff, is affirmed.

The costs of this appeal are assessed against Kandy.